# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RODERICK RHODES,

    Petitioner,

v.

                              CASE NO. 2:10-CV-14072
                              HONORABLE LAWRENCE P. ZATKOFF

JOHN T. SHARTLE,

    Respondent.

_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND REASSIGNING CASE TO JUDGE ROBERT H. CLELAND FOR CONSIDERATION AS A MOTION TO VACATE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING THE CLERK OF THE COURT TO RE-FILE THE PLEADINGS IN THIS CASE UNDER CASE DOCKET # 2:08-CR-20604</u>**

Roderick Rhodes, ("Petitioner"), presently confined at the Federal Correctional Institution in Elkton, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his convictions for one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a); two counts of felon in possession of a firearm, 18 U.S.C. § 922(g); and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924)(c). Petitioner has also filed a Rule 11 motion to set aside the plea agreement. For the reasons stated below, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED. The Court further orders that the petition be reassigned to United States District Judge Robert H. Cleland of the United States District Court for the Eastern District of Michigan for possible consideration as a motion to vacate sentence under 28 U.S.C. § 2255 in Case # 2:08-CR- 20604.

## I. Background

Petitioner pleaded guilty to the above offenses before Judge Robert H. Cleland of the United

States District Court for the Eastern District of Michigan. On July 15, 2009, petitioner was sentenced to forty six months on the cocaine distribution and felon in possession of a firearm charges and received a consecutive sixty month sentence on the charge of possession of a firearm in furtherance of a drug trafficking crime. *United States v. Rhodes,* U.S.D.C. No. 08-CR-20604-DT (E.D. Mich.)(Cleland, J.).

Petitioner has now filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241, in which he brings a number of challenges to his conviction.

## II. Discussion

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

In the present case, petitioner is challenging his conviction in his petition for writ of habeas corpus. As such, this Court must construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C.§ 2255. *See Griffin v. Herrera,* 212 F. Supp. 2d 707, 710 (E.D. Mich. 2002). In particular, petitioner's claim that the district court lacked jurisdiction over his conviction is not a challenge to how his sentence is being executed, but is a challenge to the conviction itself and

should be brought in a § 2255 motion to vacate sentence. *See Capaldi,* 135 F 3d at 1123-24.

Moreover, petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because petitioner has never attempted to file a § 2255 motion to vacate sentence before the judge who sentenced him. An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g. Capaldi,* 135 F. 3d at 1124; *See also Copeland v. Hemingway,* 36 Fed. Appx. 793, 794-95 (6th Cir. 2002).

Finally, the circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles,* 180 F. 3d at 757. Petitioner's claim that the district court lacked jurisdiction over his case does not come within the actual innocence exception to § 2241. *See Faircloth v. Perez,* 27 Fed. Appx. 334, 335-36 (6th Cir. 2001).

A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion

3

under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; E.D. Mich. LR 83.11(b)(6); *see also Hill v. United States*, 368 U.S. 424, 427 (1962). Because the instant petition should be construed solely as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, this case should be reassigned to the judge who accepted petitioner's guilty plea and sentenced him. *See Lane v. United States,* 65 F. Supp. 2d 587, 588 (E.D. Mich. 1999).

### III. ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED.

IT IS FURTHER ORDERED that this case be reassigned to United States District Judge Robert H. Cleland, pursuant to Rule 4(a) of the Rules Governing Section 2255 Proceedings and Local Rule 83.11(b)(6), for consideration as a motion to vacate sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall re-file in Case Docket # 2:08-CR-20604, Docket Entries No. 1 and No. 3 from Case Docket # 2:10-CV-14072.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

4

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 22, 2010.

                                                  S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290